UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

**FILED**

JUN 0 2 2006

CLERK

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

Plaintiff,

vs.

BEAR COUNTRY, USA

Defendant.

-----------------------------------------------------------------

CR02-50100    06 - 50043

PLEA AGREEMENT

The defendant, the defendant's attorney, and the United States Attorney for the District of

South Dakota hereby submit the following Plea Agreement to the United States District Court,

which Agreement was reached pursuant to discussions between the United States Attorney and

the defendant's attorney.  The Agreement is as follows:

A.    **ACKNOWLEDGMENT AND WAIVER OF RIGHTS AND**

**UNDERSTANDING OF MAXIMUM PENALTIES:** The defendant agrees that it has been

fully advised of its statutory and constitutional rights herein, and that it had been informed of the

charges and allegations against it and the penalty therefor, and that it understands the same.  The

defendant further agrees that it understands that by entering a plea of guilty as set forth herein, it

will be waiving certain statutory and constitutional rights to which it is otherwise entitled, and

that there will be no trial.

B.    **PLEA AGREEMENT PROCEDURE:** The United States and the defendant

agree that this Plea Agreement is presented to the Court pursuant to Rules 11(c)(1)(A) and (B) of

the Federal Rules of Criminal Procedure, which provides, among other things, that the United

States will not bring other charges and that the United States will make certain recommendations,

but such recommendations are not binding on the Court and that the defendant may not withdraw

its plea of guilty if the Court rejects such recommendations.

      **C.**     **PLEA TO CHARGE(S):** The defendant will waive indictment and plead guilty

to Count III of an Information filed in this case, which charges a violation of 16 U.S.C. §§

3372(a)(1) and 3373(d)(1)(B) and 18 U.S.C. § 2. The charges carry a maximum sentence of a

$500,000 fine. There is a $25 assessment to the victim's assistance fund. The United

States will recommend that the Court impose a guideline sentence along with an imposition of

restitution.

      As part of this admission and adjudication, the United States agrees to allow the

defendant to retain possession of the two grizzly bears under the following terms and conditions:

1.     Bear Country, USA will be allowed to retain custody of a male grizzly bear marked behind his right ear with microchip #4001531F67 and a female grizzly bear marked behind her right ear with microchip #435772552.

2.     These bears were allegedly obtained for breeding and could be used as such, provided, however, that these two grizzly bears, any offspring produced from either of these bears for five generations, can only be donated or transferred without any reciprocal consideration (no sales, barters, or trades) to zoos or other appropriate non-profit wildlife organizations in furtherance of enhancement of the grizzly bear species. All offspring have to be properly marked with the microchip technology and records kept to track them.

      **D.**     **RECOMMENDATION(S) REGARDING SENTENCE:** The United States

agrees that it will unless there is significant evidence disclosed in the presentence investigation to

the contrary, recommend that the Court find that the defendant clearly demonstrates a recognition

and affirmative acceptance of personal responsibility for its criminal conduct, and in recognition

thereof, in accordance with the advisory U.S.S.G. § 3E1.1(a), reduce the defendant's offense level

by two levels.

The United States further agrees that it will recommend that the Court consider imposing a sentence of probation as determined by the Court on the basis of the presentence investigation report and any evidence submitted at the sentencing hearing.

The defendant understands and agrees that these recommendations are conditioned upon the defendant's full, complete, and truthful disclosures to the United States Probation Office.

E.    **MONETARY OBLIGATIONS:** The United States will recommend that pursuant to 18 U.S.C. §§ 3663 and 3663A, the defendant make restitution to the U.S. Fish and Wildlife Service Lacey Act Reward Account for the sale value, in this case only, of $4,000 for the two grizzly bears.  The Court may also order payment of a special assessment and/or a fine. In the event that such monetary obligations are ordered, payment shall be remitted by money order, certified check, or cashier's check directly to U.S. Fish and Wildlife Service.  Until such time as payment is remitted in full, the defendant agrees to return with the executed Plea Agreement a complete financial statement, an executed Authorization to Release Financial records and Documents, and an executed Authorization to Release Tax Returns and Attachments. The defendant also agrees to return, along with the executed Plea Agreement, copies of current earnings statements and copies of corporate tax returns for the last two years.  The defendant further agrees to provide an updated financial statement each 12 months thereafter until payment is remitted in full.

The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution and fines ordered by the Court.

F.    **NO FURTHER PROSECUTION:** The United States agrees that there will be no further federal criminal prosecution of the defendant in the District of South Dakota based on the

information and evidence now available to the United States regarding the defendant's involvement with sales of grizzly bears from Minnesota to South Dakota or elsewhere.

G.      **VIOLATIONS OF TERMS AND CONDITIONS:** The defendant acknowledges and understands that if it violates any term or condition of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, this Plea Agreement shall become voidable at the direction of the United States, and the defendant will face the following consequences:

3.      All testimony and other information it has provided at any time to attorneys, employees, or law enforcement officers of the United States, to the Court, or to the federal grand jury may and will be used against it in any prosecution or proceeding.

4.      The United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against the defendant, and to use any information obtained directly or indirectly from the defendant in those additional prosecutions.

5.      The United States will be released from any obligations, agreements, or restrictions imposed upon it under this Plea Agreement.

H.      **BASIS FOR PLEA OF GUILTY:** The defendant agrees that the statement of facts constituting the basis for its guilty plea in this case, appended hereto and incorporated herein by this reference, is a true and accurate statement of its actions or omissions with regard to the charges to which it is entering a plea, and that the Court may rely thereon in determining the basis for its plea of guilty as provided in this Plea Agreement.

I.      **WAIVER OF SPEEDY TRIAL:** The defendant agrees to waive any right it may assert under the Speedy Trail Act. This waiver is necessary so the Court will have the benefit of all relevant information at sentencing.

**J.**     **PAYMENT OF SPECIAL ASSESSMENT:** The defendant agrees to remit to

the U.S. Clerk of Court, 515 9th Street, Rapid City, SD 57701, a certified or cashier's check

payable to the "U.S. Clerk of Court" in the amount of $25, in full satisfaction of the statutory

costs pursuant to 18 U.S.C. § 3013, and to remit said sum with this signed Agreement in full

satisfaction of this paragraph.

**K.**     **PARTIES BOUND:** It is further understood and agreed that this agreement is

limited to the United States Attorney's Office for the District of South Dakota and the United

States Attorney's Office for the District of Minnesota, and that this agreement cannot and does

not bind other federal, state, or local prosecuting authorities.

**L.**     **SCOPE OF AGREEMENT:** It is further understood and agreed that no

additional promises, agreements, or conditions have been entered into other than those set forth in

this Agreement, and that this Agreement supersedes any earlier or other understanding or

agreement.

**M.**     **WAIVER OF DEFENSES AND APPEAL RIGHTS:** Defendant hereby

waives any right to appeal any and all motions, defenses, probable cause determinations,

and objections which he has asserted or could assert to this prosecution, and to the

Court's entry of judgment against him and imposition of sentence, including sentence

appeals under 18 U.S.C. § 3742. The parties agree that expressly excluded from this

waiver of defenses and appeal rights is the defendant's right to appeal the sentence for

a determination of "reasonableness" should the Court impose a sentence above the

advisory guideline range established by the Court for the offense.

STEVEN K. MULLINS
UNITED STATES ATTORNEY

_5-22-06_
Date

MARK A. VARGO
Assistant United States Attorney
515 9th Street, Room 201
Rapid City, SD  57701
(605) 342-7822

APPROVED:
STEVEN K. MULLINS
UNITED STATES ATTORNEY
By:

ROBERT A. MANDEL
SUPERVISORY ASSISTANT
UNITED STATES ATTORNEY

_5-22-06_
Date

KEVIN CASEY for Defendant
BEAR COUNTRY USA

_5-22-06_
Date

RICHARD S. VERMEIRE
Attorney for Defendant